# CHARLESTON.

### POLING v. PICKENS.

Submitted March 29, 1910.    Decided December 12, 1911.

1. LIBEL AND SLANDER—*Pleading—Declaration.*

A declaration for slander in charging the plaintiff with swearing a lie, not stating that the defendant made the false statement in a legal proceeding, and not stating that she was under oath when making the statement, is not good as a declaration for common law slander; but as it avers that the slanderous words according to their usual construction and common acceptation, are construed as insults and tend to violence and breach of the peace, it is good as a declaration for insulting

words under code of 1906, ch. 103, sec. 2, and is not subject to demurrer. (p. 118).

2. ACTION—*Single Cause of Action.*

A declaration in an action for slander in the usual form of a declaration for common law slander, reciting the good character and reputation of the plaintiff, and malicious intent of the defendant to injure the good name and reputation of the plaintiff, and alleging damage to it from the act of the defendant, thus importing to be an action for common law slander, yet averring that the words spoken, according to their usual construction and common acceptation, are construed as insults and tend to violence and breach of the peace, thus showing that the action is for statutory slander under code of 1906, ch. 103, sec. 2, is a declaration for statutory slander, and not open to the charge that it unites in the same count the two kinds of slander. The recital of good character and injury to it is treated as inducement and surplusage. (p. 119).

3. HUSBAND AND WIFE—*Torts of Wife—Liability of Husband.*

A husband is liable for slander by his wife, whether present or not, not withstanding the married women's separate estate act. (p. 121).

Error to Circuit Court, Upshur County.

Action by Matilda J. Poling and another against Emma V. Pickens and another. Judgment for plaintiffs, and defendants bring error.

*Affirmed.*

*John Bassel* and *C. C. Higginbotham,* for plaintiffs in error.

*Wm. S. O'Brien* and *J. M. N. Downes,* for defendants in error.

BRANNON, JUDGE:

Matilda J. Poling and Lewis W. Poling, her husband, sued Emma V. Pickens and Robert Pickens, her husband, in the circuit court of Upshur county for slander of Matilda Poling by Emma Pickens, and there was a verdict for the plaintiff and judgment thereon. We have a writ of error from that judgment.

The plaintiffs in error assign it as error that the demurrer to the declaration, consisting of one count, was overruled. The declaration avers that the plaintiff, Matilda J. Poling,

was a true and honest citizen and had always well behaved herself, and until the wrong imputed to the defendant was always reputed, esteemed and accepted by her neighbors and other good citizens to whom she was known, to be a person of good name, fame, and credit, and had obtained the good opinion of her neighbors and other good citizens to·whom she was known; and that Emma V. Pickens, well knowing the premises, but contriving and maliciously to insult Matilda J. Poling and injure her good name fame and credit, and to bring her into public scandal, infamy and disgrace, and to cause it to be believed by her neighbors and other citizens that she had been guilty of telling falsehoods, and being otherwise a mean and unworthy citizen, did on the——— June 1907, in the County of Upshur, in the presence and hearing of Lewis W. Poling, her husband, and other good citizens, falsely and maliciously and with the intention to insult said plaintiff, speak and publish of and concerning Matilda Poling the false, scandalous, malicious, defamatory and insulting words, "which the plaintiff avers to be in their usual construction and common acceptation construed as insults, and tend to violence and breach of the peace, that is to say, "You" (meaning the plaintiff Matilda J. poling) "go down town and swear another lie on me," (meaning that the said plaintiff, Matilda J. Poling had sworn a lie on her, the said Emma V. Pickens,) by means of which the plaintiff" was injured etc. It is said this declaration is not good. It is said it was error to join the husband of Matilda Poling as a plaintiff. This point is not argued. It is well established that at common law the husband may join his wife in an action in court by her. The frame of this declaration reads as if the action were for common law slander injurious to the name, fame and reputation of Matilda Poling, and has words in it treating the words used as actionable under § 2 ch. 103 Code 1906, saying that "all words which from their usual construction and common acceptation, are construed as insults and tend to violence and breach of the peace, shall be actionable. No demurrer shall preclude a jury from passing thereon." If I understand the point made against the declaration it is that it joins common law slander and statutory slander in the same count. I do not consider this mode of framing a declar-

ation as very good pleading or artistic pleading. Statutory slander, if of a character to insult and produce anger and breach of the peace gives action, though it may not impute legal crime or injure fame or reputation, but merely insults, and therefore I would think that the declaration should merely state that the defendant spoke certain words of and concerning the plaintiff maliciously and unlawfully, with an averment that they were such words as from their usual construction and common acceptation are construed as insults and tend to violence and breach of peace. All allegations of the plaintiffs good character and of intent on the part of the defendant to defame it and allegation of injury thereto seem useless and out of place in actions for statutory slander; but eminent writers on pleadings, Minor, Barton and Hogg give the forms used in this case. Their forms follow the precedents for common law slander, with the addition of words suggested above, indicating that the action is one for statutory slander. These precedents are based on decisions holding that words of common law slander, sufficient to sustain action, may still be treated as ground for action under this statute. Under that statute words of a character to insult and tending to violence and breach of the peace, though not actionable at common law, are so under the statute; but words actionable at common law may also be made the subject of action under that statute if the declaration contain words, as this declaration plainly does, showing that the action is for statutory slander. *Sweeny* v. *Baker,* 13 W. Va. 158, point five; *Payne* v. *Tancil,* 98 Va. 262; *Chaffin* v. *Lynch,* 83 Va. 106. There it is said that in an action for statutory slander so much of the declaration as follows the common law form of declaration for slander is mere matter of inducement, and unobjectionable. I would say it is surplusage. It is claimed that from the frame of the declaration above given we must say that this declaration joins both common law and statutory slander, which is forbidden by decisions. *Moseley* v. *Moss,* 6 Grat. 534; *Hogan* v. *Wilmoth,* 16 Grat 80; *Payne* v. *Tancil,* 98 Va. 262. But this declaration is not open to an objection of blending common law and purely statutory slander. That rule against blending means where you put into the same count common law slanderous words and words not such, but

only insulting words, not actionable at common law. We have just shown that a declaration going for insulting words under the statute may contain only words constituting common law slander, and it cannot be said in this case that there is a blending of the two kinds of slander. The most that can be said against this declaration is that it declares on the words as if actionable at common law. It contains only the slanderous words above given, no other words of different character or slander. How can it be said to unite two kinds of slander? In an action under the statute for common law slander your declaration must show that the action is under the statute by averment to the effect that such words from their usual construction and common acceptation are construed as insults and tend to violence and breach of peace, or some averment of that import. *Hogan* v. *Wilmoth,* 16 Grat. 80. This declaration does so, thus showing that the action is under the statute.

There is another reason against the demurrer. For this reason we need not have considered the demurrer. As stated above this declaration declares on its face that it goes for statutory slander. For that reason we must consider it such. But there is another reason requiring us to consider it so. It does not allege that Matilda Poling was sworn when she made the alleged false statement, or that it was made in a judicial proceeding, or that it was material. As stated in the opinion at its opening in *Brooks* v. *Galloway,* 12 Leigh 470, it is therefore not a good declaration for common law slander. *Hogan* v. *Wilmoth,* 16 Grat. 80. The declaration therefore is to be viewed as one under the statute. This being so, the statute prohibits a demurrer from preventing a jury to pass on the words spoken. This statute is really for insulting words hurting the feelings, causing anger and violence and breach of the peace. No demurrer lies to this declaration, as would be the case if it were for common law slander, only without showing that it is filed under the statute, or if it united two kinds of slander in one count. Whether the words spoken are an insult under the statute is to be left to the jury.

Another question. Judgment was rendered against Emma Pickens and her husband for words spoken by the wife. The rule of the common law is that the husband is liable for slander

by the wife. It is contended that this is no longer in our time the law, owing to the acts providing for the separate estate of the wife and the rights to sue and be sued and to contract. The authorities conflict on this question, but preponderance of authorities is that the rule of the common law yet prevails. In *obiter* expressions in *Gill* v. *State,* 39 W. Va. 479, and *Withrow* v. *Smithson,* 37 W. Va. 761, I condemned this rule, but held it yet prevailing in this state. These dicta were given force of law in *Keller* v. *James,* 63 W. Va. 139, in which case Judge POFFENBARGER carefully discussed the question. We are asked to reconsider the matter. We decline to re-discuss it. The authorities are given in those cases. I cite the case of *Hanley* v. *Wilson,* 92 Am. St. R. 160, holding the common law rule still in force, notwithstanding the married women's act. An elaborate note to that case condemns the rule, but admits it to be law. I refer also to volume 9, p. 1125, of that late valuable work, Am. and Eng. Anno. Cases, where we find a full note of cases in many states holding that the old odious rule of the common law making the husband liable for the torts of the wife still prevails, and that action therefore must be brought against both and judgment rendered against both. In 14 L. R. A (new series), our case of *Kellar* v. *James* is elaborately annotated, giving diverse authorities. Our legislature, in my own opinion, should abrogate the rule that the husband is liable for independent torts of the wife. I have not reference in what is said above to torts by a wife as to her separate property.

We affirm the judgment.        *Affirmed.*