294 S.E.2d 264

**Mary Ellen CUNNINGHAM**

v.

**Elvin F. MARTIN.**

**No. 15311.**

Supreme Court of Appeals of
West Virginia.

July 14, 1982.

Rehearing Denied Sept. 16, 1982.

James B. McIntyre, John N. Charnock, Jr., Charleston, for appellant.

Preiser & Wilson, Stanley E. Preiser, William S. Druckman and William S. Steele, Charleston, for appellee.

HARSHBARGER, Justice:

Mary Ellen Cunningham sued Elvin Martin in Kanawha County Circuit Court for assault, battery and statutory insult, W.Va. Code, 55–7–2.[1] Apparently they had a two and one-half hour altercation in an office of a public accounting firm, Martin and Cunningham. (This Cunningham was Mary Ellen's husband.) A jury found for Ms. Cunningham and awarded her $65,000 compensatory and $130,000 punitive damages.

Martin alleged here that the trial court wrongly failed to order a new trial because damages were excessive, permitted a physician to testify to matters from hospital records not admitted into evidence, and erroneously instructed the jury.

█ Dr. Knapp, a psychiatrist and one of Ms. Cunningham's treating physicians, based part of his opinion about her mental condition following the event, on hospital records kept in the ordinary course of business, written by other professionals who treated Ms. Cunningham. Martin objected because the records had not been admitted nor authenticated. Our rules set out in *State v. Rhodes*, 166 W.Va. 402, 274 S.E.2d 920 (1981), *State v. Pendry*, 159 W.Va. 738, 227 S.E.2d 210 (1976), and *State v. Myers*, 159 W.Va. 353, 222 S.E.2d 300 (1976), permit an expert medical witness to base his testimony on records and documents when their reliability has been reasonably established and they have been kept in the regu-

---

1. W.Va.Code, 55–7–2:
   "All words which, from their usual construction and common acceptation, are construed as insults and tend to violence and breach of the peace, shall be actionable. No demurrer shall preclude a jury from passing thereon."

Mississippi and Virginia are the only other states that have "insulting words" statutes. See how other states approach nondefamatory insults in Annot., Civil liability for insulting or abusive language not amounting to defamation, 15 A.L.R.2d 108 (1951 and Supp.).

lar course of professional care or treatment.[2] *Rhodes, Pendry* and *Myers* are criminal cases but this evidentiary rule is also applicable on the civil side. *Pendry* noted that Rule 703 of the Federal Rules of Evidence permits an expert to testify from this type data in both criminal and civil cases. In *Pendry*, the records from which the doctor testified were not admitted into evidence. Our Court found no problem, because the physicians had examined defendant themselves, used the report during their testimony, and had an opportunity to form their own opinions about defendant.

■ Dr. Knapp personally examined Ms. Cunningham and had the same opportunity to formulate his own opinion, even though based in part upon her hospital records. The trial court did not err in admitting this evidence.

Martin asserted that plaintiff's instructions 17 and 20 were erroneous.[3] 17 as given by the court was:

> The Court instructs the jury that you may presume malice from the use of words made actionable by the West Virginia Statute entitled, "insulting words". Therefore, if you believe from the evidence that the defendant said to the plaintiff, Mary Ellen Cunningham, "I'll knock you on your ass," "I'll slap your face all over this office," "Mary Ellen, you're as crazy as your damn husband," and further that defendant referred to Mary Ellen Cunningham as a "bitch", then under the usual connotation of such words you may presume that such utterances were malicious.

Martin argued that this instruction deprived the jury of its duty to determine whether the spoken words were actionable.

■ The first sentence of that charge is correct. Malice may be presumed from words made actionable by this statute. Syllabus Point 3, *Michaelson v. Turk*, 79

W.Va. 31, 90 S.E. 395 (1916). *Michaelson* goes on to teach that it is error to remove a jury's discretion to decide whether particular circumstances and phrases make words actionable for statutory slander. *Id.*, Syllabus Point 4. "The finding of the jury in actions for statutory insult cannot be controlled by the court." *Id.*, 79 W.Va. at 37, 90 S.E. at 397. The *Michaelson* court disapproved an instruction that told a jury that if it believed the words in evidence were spoken to the plaintiff, it must find for the plaintiff.

■ Instruction 17, while a little less forthright, presented this jury with the same command. The court told this jury that if it believed the words were said, then malice may be presumed. But only actionable words permit a presumption of malice, and this instruction gave the jury no leeway to decide whether Martin's words were even insulting. Syllabus Point 1, *Colcord v. Gazette Pub. Co.*, 106 W.Va. 419, 145 S.E. 751 (1928); Syllabus Point 4, *Alderson v. Kahle*, 73 W.Va. 690, 80 S.E. 1109 (1914); *Poling v. Pickens*, 70 W.Va. 117, 73 S.E. 251, 253 (1911) ("Whether the words spoken are an insult under the statute is to be left to the jury.")

The pronouncement that "I'll knock you on your ass" might well be regarded to be a promise of combat, but not an insult, tending to violence and peace breaking. A jury needs to decide that.

In *Salvo v. Edens*, 237 Miss. 734, 116 So.2d 220 (1959), a dentist wrote in a letter to one of his female patients who had failed to pay her bill, that he did not care if she went through life "toothless". The Mississippi court found that his letter had been written in anger, and was perhaps tactless, but that it was not actionable under an insulting words statute.

Anger may have provoked Martin into speaking unkindly, perhaps assaultive,

---

2. *See generally,* Annot., Testimony of physician based on information from third persons regarding physical condition or symptoms of person in question, 175 A.L.R. 274 (1948); Annot., Admissability on issue of sanity of expert opinion based partly on medical, psychological, or hospital reports, 55 A.L.R.3d 551 (1974 and Supp.).

3. Defendant objected to instruction 20, and after his objection, it was amended. He did not object to the amended instruction as given, and therefore, we will not consider it on appeal. Syllabus Point 2, *Wysong v. Stowers*, 166 W.Va. 211, 273 S.E.2d 379 (1980).

words to Ms. Cunningham, but that does not make them necessarily actionable as "insulting words".

Syllabus Point 1, *Mauck v. City of Martinsburg*, 167 W.Va. 332, 280 S.E.2d 216 (1981), instructs:

> W.Va.Code, 55–7–2 [1923], the "insulting words statute," is intended to supplement common-law actions for libel and slander and not to supplant them. Consequently, it is intended to do two things: first, it provides a cause of action for insulting words which are communicated only to the victim of the insult without the need for further publication; second, it provides a cause of action for insulting words which tend to violence and a breach of the peace.

Justice Neely further explained: "The statute in effect extended the common-law concept of defamation *per se* to insulting words such as the vituperative epithet or racial slur." *Id.*, 167 W.Va. at 335–336, 280 S.E.2d at 219 (footnote omitted). None of the words quoted in our instruction, except perhaps "bitch" [4] is a vituperative epithet or racial slur.

 A jury should be given discretion without direction or inference supplied by a court, to determine whether words are actionable. Juries may consider all facts and circumstances including mitigating factors such as provocation. Syllabus Points 4, 5, 7, *Alderson v. Kahle, supra; Michaelson v. Turk, supra.* The trial court erred by giving instruction number 17.

> "'An erroneous instruction is presumed to be prejudicial and warrants a new trial unless it appears that the complaining party was not prejudiced by such instruction.' Point 2 Syllabus, *Hollen v. Linger*, 151 W.Va. 255, [151 S.E.2d 330 (1966)]." Syllabus Point 3, *Orndoff v. Rowan*, 156 W.Va. 205, 192 S.E.2d 220 (1972).

Syllabus Point 6, *Ratlief v. Yokum*, 167 W.Va. 779, 280 S.E.2d 584 (1981).

We reverse and remand for a new trial.

---

4. *See* Annot., Libel and slander: actionability of charge of being a "slut," "bitch," or "son of a bitch", 13 A.L.R.3d 1286 (1967).

---

We need not discuss the matter of excessive damages because the case is reversed and will be retried.

Reversed and remanded.