HAROLD W. DEANE

*v.*

M. F. KIRSCH

(No. 12257)

Submitted January 29, 1964.     Decided March 24, 1964.

*Robert C. Halbritter, Charles P. Wilhelm,* for appellant.

*Farmer & Farmer, George R. Farmer,* for appellee.

BROWNING, JUDGE:

Harold W. Deane, plaintiff, instituted this action against M. F. Kirsch in the Circuit Court of Monongalia County to obtain the possession of certificate No. 73, representing three (3) shares of stock in the Mason-Dixon Rifle Club, Inc. The complaint contains two counts, the first count alleging, in substance, that the defendant agreed to sell this certificate to the plaintiff for the sum of $300, which sum the plaintiff paid to the defendant; the defendant has since refused to deliver the certificate to plaintiff; the certificate has a special and peculiar value to the plaintiff; and, being without an adequate "remedy at law", prays that defendant be required to specifically perform the agreement. The second count, after alleging the agreement, payment and defendant's refusal to deliver, prays for possession of the certificate and damages for its wrongful detention by the defendant.

Defendant answered, admitting the agreement but alleging that the agreement was made specifically subject to the prior right of the corporation to purchase such shares, and upon offer, the corporation elected to purchase the shares and issued its check in the sum of $300.00 in repayment of the plaintiff.

Plaintiff, in answer to interrogatories propounded by the defendant, stated that: he was informed by the defendant that the permission of the corporation had to be obtained previous to any sale of its stock and, upon defendant's subsequent statement that such permission had been granted, he paid the purchase price therefor; he did not obtain delivery of the certificate at that time because he was told that a new certificate would be issued; he was later informed that a new certificate had been issued but that, prior to delivery, defendant had been told by the corporate officers not to deliver it; he had talked with members of the board of directors of the corporation in an endeavor to get them to withdraw their opposition to

the sale of the shares to him; and, he returned the corporation's check to the officer delivering it.

At a pre-trial conference, plaintiff's counsel summarized the above facts and contended that the agreement, payment, approval of the corporation and issuance of a new certificate, all had been consummated and nothing remained to be done but the bare delivery of the certificate, subsequent to which, defendant made an oral motion for summary judgment based upon the pleadings and answers to the interrogatories. Plaintiff made no objection to the form of the motion but resisted it on the ground that there was a genuine issue of fact to be resolved and therefore the questions in dispute between the parties were not properly adjudicable by entry of an order of summary judgment.

Filed as exhibits are: plaintiff's cancelled check in the sum of $300, payable to defendant; and the by-laws and charter of the Mason-Dixon Rifle Club, Inc. Section 4, Article I of the by-laws, after providing for the issuance of capital stock, states: ". . . All the stock issued shall be subject to a stockholders agreement wherein it is provided that no stockholder can sell all or part of his shares without first offering the stock to the Mason-Dixon Rifle Club for purchase at the book value of the stock, giving the corporation sixty days (60) in which to purchase or refuse to purchase this stock. . . ."

On October 11, 1962, the Court sustained defendant's motion for summary judgment to which order this Court granted an appeal and supersedeas on June 24, 1963. Errors assigned in this Court relate to the court's action in granting summary judgment on oral motion and without notice and its refusal to find that a genuine issue of fact existed.

When a summary judgment is sought under the provisions of Rule 56 of the West Virginia Rules of Civil Procedure for Trial Courts of Record, hereinafter referred to as R.C.P., the motion therefor must be served upon the opposite party or parties at least ten days prior to the time fixed for the hearing thereon. The record in this

case shows that no written motion was ever served upon the plaintiff but at the *pre-trial conference* counsel for the defendant made this oral statement: "If the Court please, in view of the very fair opening statement made by the plaintiff, and based upon the pleadings now existing, and based upon answers to interrogatories propounded to the plaintiff here, we now move for a Summary Judgment, as provided in rule 56-B." Counsel for the defendant made this further statement: "I see that the Court has no choice now other than to grant our motion for Summary Judgment." Thereafter counsel for the plaintiff stated: "We don't think that this is a matter for judgment on the pleadings, and on the answer to the interrogatories that it is in position for this Court to grant Summary Judgment." Thereafter counsel for the defendant made this further statement: "Now, at this point, we ask counsel for the plaintiff, will you accept Three Hundred Dollars ($300.00), either in check or cash, as a return of the plaintiff's money? This is being made in good faith and will be paid. We will stop payment on that check which seems to have disappeared. We think that only right in view of our motion for Summary Judgment." Counsel for the plaintiff replied: "We would accept the money if this Court does not decree specific performance or grant our relief in detinue. But we are in here asking for certain relief so if we cannot get specific performance or relief in detinue, certainly we will accept the Three Hundred Dollars ($300.00)." The pre-trial conference was concluded with this statement by counsel for the defendant: "If the Court grants a motion for Summary Judgment, we will pay the Three Hundred Dollars ($300.00)." In the order of October 11, 1962, by which summary judgment was rendered for the defendant, appears this paragraph: "It is therefore ordered and adjudged that the Plaintiff take nothing in this action and that the action is dismissed on the merits, and that the Defendant recover of the Plaintiff his costs of action." It is apparent from the language used in this order that the trial judge not only denied the plaintiff the relief sought in "specific performance" and "detinue" but failed also to render judgment for the plaintiff in the sum of three hundred dollars or

any other amount representing the value of the three shares of stock, the ownership of which was in controversy.

Inasmuch as this Court is of the unanimous opinion that the judgment entered by the trial court must be reversed upon the second question which is raised, that is, the action of the court in finding that there was no genuine issue of fact to be litigated, we do not find it necessary to and we do not pass upon the question as to whether, upon the record before this Court, the pertinent portions of which have heretofore been related in this opinion, the plaintiff, by counsel, waived the requirement of the pertinent rule heretofore quoted that such notice must be in writing and served upon the opposing party at least ten days before the time fixed "for the hearing."

The by-laws of the Mason-Dixon Rifle Club, Inc., are part of the record before this Court. Section 4, Article I, thereof provides, in part, "The capital stock of this corporation shall consist of two hundred (200) authorized shares of no par value stock." Article II, Section 2, is in this language: "Stockholder Members: Stockholder members shall be limited to those who hold the stock of this corporation acquired under the reorganization plan or purchase for cash." Section 5 of Article II provides, in part: ". . . Each application for membership shall be in writing endorsed by one stockholder member and filed with the secretary of this corporation, accompanied by the admission fee, which shall be returned if the applicant is not elected. . . ." The board of directors of this corporation consists of seven members elected by the stockholder members of the organization, and Section 6 of Article II reads, in part: ". . . Each application shall be referred to the Board of Directors for such action as they deem proper. A majority vote of the Board of Directors present at a given meeting shall elect an applicant."

This record is silent upon certain facts, the answers to which would have been necessary before the trial court could have, without committing reversible error, granted

434

the motion of the defendant for summary judgment. R.C.P. 56 places the burden upon the movant to show that no genuine issue of fact exists between the parties. The record is silent upon the question of whether the stockholders of the Mason-Dixon Rifle Club, Inc., exercised the right which the by-laws provide, and which has heretofore been quoted, within the sixty day period provided therein "to purchase or refuse to purchase this stock". The record is likewise silent as to whether the proper officers of this club, pursuant to a decision on such option, issued a new certificate for the plaintiff, which the by-laws clearly provide for, in lieu of stock certificate No. 73 which had been issued to the defendant. Likewise, upon the assumption that the plaintiff was granted a membership by the board of directors and that pursuant thereto a certificate was issued for him representing three shares of stock, whether such certificate was given to the defendant for delivery to plaintiff. It will be observed that the only defendant in this case is M. F. Kirsch and certainly "specific performance" would not lie to require him to deliver such certificate to the plaintiff if the certificate were not in his possession. According to the contention of the plaintiff, Kirsch refused to deliver such certificate to him. Perhaps it could be inferred from the answer of the defendant to interrogatory No. 7 in which he was asked why he had not returned to the club its check "for $300.00 delivered to you on September 26, 1961", his answer thereto being: "When Mr. Russell Singleton [the president of the club] visited my store in Morgantown and handed me a check for $300.00 I saw that it was not my check and gave it back to him. I did not accept it as a refund to me for the amount I had previously paid Mr. Kirsch.", that the plaintiff had been approved for membership in the club and that this action on the part of its president was an attempt to reimburse him for the money he had paid the defendant so that his membership in the club could be rescinded. However, the answer to this and other questions heretofore propounded could have been and still can be answered by the taking of the testimony of the persons who are in position to clarify these transactions between the parties.

This Court has held that the summary judgment procedure provided by R.C.P. 56 is not a substitute for a trial by a court or a jury of an issue of fact, but it involves a determination that, as a matter of law, there is no genuine issue of fact to be tried. In the recent case of *Don F. Hatten, Adm'r., etc.* v. *Mason Realty Co., et al.,* 148 W. Va. 380, 135 S. E. 2d 236 (decided March 17, 1964), this statement from the opinion of the Court is pertinent to the issue decided by the Court in this case: ". . . that summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry is not desirable to clarify the application of the law; that the question to be decided on a motion for summary judgment is whether there is a genuine issue of fact and not how that issue should be determined; that a party who moves for a summary judgment has the burden of showing that there is no genuine issue of fact and any doubt as to the existence of such issue is resolved against the movant for such judgment; that summary judgment should be denied if there is involved conflicting testimony or varying inferences which may reasonably be drawn from evidence which is uncontradicted; and that even in a case in which the trial judge is of the opinion that he should direct a verdict for one or the other of the parties on factual issues involved, he should, nevertheless, ordinarily hear evidence and upon a trial direct a verdict rather than to try the case in advance on a motion for summary judgment." To the same effect are the decisions of this Court in *Aetna Casualty & Surety Company* v. *Federal Insurance Company of New York,* 148 W. Va. 160, 133 S. E. 2d 770; and *Petros* v. *Kellas,* 146 W. Va. 619, 122 S. E. 2d 177.

It is the decision of this Court that the summary judgment of October 11, 1962, by the trial court was erroneous for the reason that there were questions of fact to be determined and therefore subsequent to the pre-trial conference this case should have been placed upon the trial docket of the lower court for determination of these factual issues in the manner provided by law.

*Reversed and remanded.*