195 S.E.2d 156 (1973)
HOWARD'S MOBILE HOMES, INCORPORATED, a West Virginia corporation, and Ruth Fitzsimmons, et al.
v.
Robert M. PATTON.
No. 13154.
Supreme Court of Appeals of West Virginia.
Submitted January 17, 1973.
Decided March 27, 1973.
*157 Richard F. Pence, James W. Simonton, Parkersburg, for appellants.
McDougle, Davis, Handlan & Davis, Fred L. Davis, Parkersburg, for appellee.
CAPLAN, Judge:
This is an appeal from a judgment of the Circuit Court of Wood County in an action instituted as a result of a collision between the vehicles of the plaintiffs and the defendant. In their complaint the plaintiffs allege that the injury to Ruth Fitzsimmons and the damage to the automobile of Howard's Mobile Homes, Inc. were caused by the negligence of the defendant, Robert M. Patton. In his answer the defendant denied liability and filed a counterclaim for damages sustained to his automobile, alleging that such damages were caused by the negligence of plaintiff Ruth Fitzsimmons.
After the depositions of Ruth Fitzsimmons and Robert M. Patton were taken the defendant filed a motion for summary judgment. The principal ground therefor was that the deposition of Ruth Fitzsimmons disclosed that she was guilty of negligence as a matter of law, that such negligence was imputed to the other plaintiffs and that by reason thereof there was no genuine issue as to a material fact which would permit the plaintiffs to recover.
In granting the motion and entering judgment pursuant thereto the court stated that "after giving mature consideration to the deposition of Ruth Fitzsimmons, one of the plaintiffs" there was no genuine issue as to any material fact; that plaintiff Ruth Fitzsimmons was guilty of negligence as a matter of law; and, that her negligence was a proximate cause of the collision. Also, it said that her negligence was imputed to the other plaintiffs. It is from this judgment that the plaintiffs prosecute this appeal.
The collision which gave rise to this civil action occurred on U. S. Route 21 just south of Parkersburg, on June 16, 1968 at approximately eleven o'clock in the morning. Plaintiff Ruth Fitzsimmons was driving in a southerly direction, returning to her home from a trip to the grocery store. The defendant was driving in the same direction, having driven around a curve when the Fitzsimmons vehicle came into full view. At this time Mrs. Fitzsimmons was approaching her home which was situate on her left on a straight portion of the highway. Contemplating a left turn into her driveway, she slowed her vehicle down to approximately five miles per hour. According to the evidence she turned on her vehicle's directional signal which indicated she was going to make a left turn. This signal, she testified, was turned on approximately 150 feet from her driveway and continued in operation until the collision.
The defendant testified that the speed of his vehicle, upon approaching the plaintiffs' car, was forty to forty-five miles per *158 hour, although he admitted that he had told the state policeman immediately after the accident that he was travelling fifty to fifty-five miles per hour. He did not follow the plaintiffs' car but, maintaining his speed, attempted to pass her in the straight stretch of the road. The defendant stated that he did not see any turn signal in operation on her vehicle and that as he was in the process of passing she turned her car to the left. He then applied his brakes, attempted to turn to the right and skidded into the plaintiffs' car. Mr. Patton admitted that he did not sound his horn when he attempted to pass the forward vehicle.
Mrs. Fitzsimmons testified that she looked into her rear view mirror in the car but did not see the defendant's automobile. She saw it for the first time as she began to turn, at which time the front wheels of her vehicle were "about ready to go off the road and into my driveway when it was hit." As noted, she was travelling about five miles per hour when the defendant began to pass.
Although the plaintiffs assign many errors on this appeal, the principal assertion, which is dispositive of this case, is that the court erred in granting summary judgment. In support of their assertion the plaintiffs say that the trial court, prior to deciding questions of fact against them, should have considered favorably to the plaintiffs every reasonable and legitimate inference fairly arising from the evidence; that there is a genuine issue as to a material fact which should be determined by a jury; and that the burden of proof is upon the defendant (movant) to show that there was no genuine issue as to a material fact.
The defendant bases his entire defense on the holding in Adkins v. Minton, 151 W.Va. 229, 151 S.E.2d 295, which he contends is factually identical to this case. He asserts that inasmuch as Mrs. Fitzsimmons looked to the rear and did not see his vehicle attempting to pass, she did not look effectively and, therefore, was guilty of negligence as a matter of law.
We are in agreement with the principles of law stated in Adkins v. Minton, supra, as they were applied to the facts of that case. However, the instant case is clearly distinguishable therefrom. The defendant points out that in Adkins the driver of the forward vehicle, the plaintiff therein, testified that she gave a signal for a left turn for 150 to 200 feet. As noted in the opinion of that case, however, the plaintiff's (Adkins) testimony was effectively disproved by the physical facts. It was proved that that plaintiff did not look to the rear prior to making a left turn. She was driving an old panel truck which had no rear view mirror, either inside or outside of the vehicle. The truck had no mechanical signal device. After the accident, the plaintiff was unconscious and the window on the driver's side was up, in a closed position. In those circumstances the driver could not have looked to the rear or signaled for a left turn prior to making such turn.
In the instant case the plaintiff testified that she mechanically signaled for a left turn. The defendant said that he did not see such signal. This created a conflict to be resolved by a jury. Here the plaintiff testified that she looked in the rear view mirror but did not see the defendant's vehicle. This gives rise to several questions, which, in the circumstances of this case, can be answered properly only by a jury. There is a conflict as to the position of her car when the defendant began to pass. Was he in the process of passing her when she began to turn left? She says he was not. The straight stretch of road was only a few hundred feet long. What was the speed of the defendant's vehicle when he rounded the curve and approached the plaintiffs' car? The testimony of the defendant reveals that he was driving from forty to fifty-five miles per hour. It is undisputed that the plaintiffs' rate of speed was about five miles per hour. In this circumstance and in view of the testimony it should have been left for jury determination as to whether the defendant *159 was in the process of passing when plaintiff Fitzsimmons turned to the left.
It is revealed by the record in the Adkins case that the driver of the forward automobile did not look to the rear but turned to the left in complete disregard of the safety of others. In the instant case there is evidence that the plaintiff did look to the rear in an attempt to ascertain whether the turn could be made in safety. Whether or not she looked effectively was determinable by several considerations which should have been submitted to a jury.
In view of the basis upon which a motion for summary judgment is granted, that is, that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law, it is essential that each case be considered on its own peculiar facts and circumstances. In Adkins the facts and circumstances revealed that the defendant was entitled to judgment as a matter of law and would have justified the entry of summary judgment in his favor. Such is not so in the instant case. As noted in the foregoing discussion, whether or not plaintiff Fitzsimmons was negligent, primarily or contributorily, presents a question properly soluble only by a jury.
This Court has consistently held that the questions of negligence and contributory negligence are for the jury to decide when the evidence is conflicting or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them. Korzun v. Shahan, 151 W.Va. 243, 151 S.E.2d 287; Poe v. Pittman, 150 W.Va. 179, 144 S.E.2d 671; Evans v. Farmer, 148 W.Va. 142, 133 S.E.2d 710; Clay v. Walkup, 144 W.Va. 249, 107 S.E.2d 498; Lewis v. Mosorjak, 143 W.Va. 648, 104 S.E.2d 294. Certainly, in the case under consideration, the evidence is in conflict as to contributory negligence on the part of Mrs. Fitzsimmons. Clearly, reasonable men could draw different conclusions from the facts and circumstances of this case.
In Spaur v. Hayes, 147 W.Va. 168, 126 S.E.2d 187, this Court, quoting from Fielder v. Service Cab Co., 122 W.Va. 522, 11 S.E.2d 115, said "Before directing a verdict in defendant's favor, every reasonable and legitimate inference favorable to the plaintiff fairly arising from the evidence, considered as a whole, should be entertained by the trial court, and those facts should be assumed as true which the jury may properly find under the evidence." See Smith v. Rude Carrier Corporation, 151 W.Va. 322, 151 S.E.2d 738; Thornsbury v. Thornsbury, 147 W.Va. 771, 131 S.E.2d 713; and Reilley v. Byard, 146 W.Va. 292, 119 S.E.2d 650.
Applying the above principles to the instant case, we are of the opinion that the evidence was sufficient to present questions for jury determination.
It is now basic, in view of R.C.P., Rule 56(c) and numerous decisions of this Court, that summary judgment will not be granted if, from the evidence before the court, there is a genuine issue as to any material fact. Hanks v. Beckley Newspapers Corp., 153 W.Va. 834, 172 S.E.2d 816; Beaver v. Hitchcock, 151 W.Va. 620, 153 S.E.2d 886; Deane v. Kirsch, 148 W.Va. 429, 135 S.E.2d 295; Aetna Casualty and Surety Company v. Federal Insurance Company of New York, 148 W.Va. 160, 133 S.E.2d 770. There being, as aforesaid, genuine issues as to material facts, the motion for summary judgment should have been denied and the issues should have been presented to a jury. The trial court's failure to do so constitutes reversible error.
For the reasons stated herein the judgment of the Circuit Court of Wood County is reversed and a new trial is awarded to the plaintiffs.
Judgment reversed; new trial awarded.