NELLIE (STOWERS) WYSONG, *etc., et al.*

*v.*

RONNIE LEE STOWERS

(No. 14570)

Decided December 19, 1980.

*Flora & Ford, William E. Ford, III and Ronald J. Flora* for appellants.

*Richard M. Allen* for appellees.

PER CURIAM:

This is an appeal by Ronnie Lee Stowers, Jeanette McCallister, and Alice Faye Adkins from rulings of the Circuit Court of Lincoln County in a partition proceeding.

The appellants assert that the circuit court erred in awarding the appellees summary judgment when questions of material fact remained in the case. They also assert that the partition sale was not legally valid. We disagree; we find that the assignments of error are without merit; and we affirm the decision of the circuit court.

The real estate which is the center of this controversy was acquired by Polly and Eugene Stowers as tenants in common after their marriage. The appellees, children of Polly by a previous marriage, were adopted by Eugene. The appellants are Eugene's natural children.

This proceeding was instituted after Eugene Stower's death for the purpose of paying debts owed by his estate and for the purpose of dividing the property among his heirs. The appellees in the complaint alleged the facts necessary to justify partition of the property in question.[1] They also alleged that they were entitled to share in the partition. The appellants in their answer admitted the allegations of the complaint but generally denied that the appellees were legally entitled to participate.[2] All parties

---

[1] In the first paragraphs of the complaint, the appellees alleged that Polly and Eugene Stowers acquired specified tracts as tenants in common; that Polly and Eugene Stowers had died survived by certain enumerated heirs at law; that Eugene Stowers had died without sufficient personal property to satisfy the claims against the estate. Paragraph VI of the complaint said:

That said Eugene Stowers was survived by aforesaid Ronnie Lee Stowers, Jeanette McCallister, and Alice Faye Adkins, the defendants herein, and by Virginia Harris, Terry Stowers, Eugene Arthur Stowers, Jr., David Thomas Stowers, and Susan Kaye Stowers, as his sole heirs and distributees at law, and that each said heir acquired equal undivided 1/16 interests in the aforesaid mentioned real estate subject to the dower interest of Nellie Stowers Wysong, widow, of said Eugene Stowers, and subject to any unpaid debts of the estate of said Eugene Stowers.

The remaining paragraphs dealth with the interests of the various parties and the susceptibility of the property to partition in kind.

[2] The Answer said:

1. The allegations contained in PARAGRAPHS I, II, III, IV, and V are generally admitted, except as to such allegations contained therein as relates to the interests in the real estate described therein, respectfully.

indicated that the property was not susceptible to division and prayed that it be sold.[3]

A hearing was held before the circuit court on April 15, 1977. At the hearing the appellants did not contest the fact that Polly and Eugene owned the tracts or that they were survived by the parties enumerated in the complaint. Their position was: (1) that Polly and Eugene each owned a one-half undivided interest in common in the parcels and that on the death of Eugene his one-half interest (together with Polly's) passed, because of the law of undivided interests, to Eugene's heirs;[4] and (2) that the appellees

---

2. The allegations in PARAGRAPH VI are admitted in so far as they pertain to the said Defendants.

3. The allegations contained in PARAGRAPHS VII, VIII, IX, X, XI, and XII are neither admitted nor denied, except to say that any property interests indicated therein to any persons other than your Defendants is in error and absolutely denied.

We note that Rule 8(d) of the Rules of Civil Procedure provides: *Effect of Failure to Deny.*

Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.

[3] The appellees prayed: "That the Court partition said lands in some manner prescribed by law, preferably by a sale and distribution of the proceeds . . . ."

The appellants in their answer prayed "That the Court partition the land in question, as provided by the Laws of the State of West Virginia, as amended, and distribute the proceeds from such sale in like manner, with all fees and costs to be apportioned as provided by Law; and that all proper legal ORDERS respecting same be entered herein."

Before the court the appellant's position was further clarified in the following manner:

[THE COURT]: Well, what I am saying, do you all ever hope to divide the land by partition or—

[APPELLANTS' COUNSEL]: I'll say no.

[THE COURT]: Well, can we say this, really what you are taking issue is not whether the property is ordered sold, it's the interest that your people have in the real estate?

[APPELLANTS' COUNSEL]: That's right.

[4] The colloquy in which counsel for the appellants expressed their position proceeded as follows:

[APPELLANTS' COUNSEL]: Now, our position, Your Honor, is that at the time of Polly's death there was no joint tenancy and

were not entitled to share in the partition because they were the adopted rather than the natural children of Eugene Stowers.

It is evident from the record that the appellants did not challenge the fact that Polly and Eugene owned the parcels as tenants in common. It is also clear that the appellants did not challenge the fact that the appellees had been adopted by Eugene Stowers.[5]

---

no way survivorship could be implied and the property vested then in the children reserving only a life estate in Eugene Stowers.

[THE COURT]: Well, Eugene is named on the deed, isn't he?

[APPELLANTS' COUNSEL]: Yes, sir.

[THE COURT]: Well, he would own one half.

[APPELLANTS' COUNSEL]: Now, in common, not as joint tenants.

[THE COURT]: Right. He would own one half of it and his/their children would inherit the half owned by the mother.

[APPELLANTS' COUNSEL]: No, sir.

[THE COURT]: Would not?

[APPELLANTS' COUNSEL]: The children take the whole.

[THE COURT]: No.

[APPELLANTS' COUNSEL]: And all the father has is a life estate in the property after that mother died in law, that's the law.

[THE COURT]: It is the law regarding her half but not his half.

[APPELLANTS' COUNSEL]: No, sir. If you make a joint tenancy you have one set of circumstances, but as tenants in common it has another. Now, there is joint tenancy after death and this is effectively dealt with by law, but this property descends in common, not as joint tenants.

. . .

[APPELLEES' COUNSEL]: Your Honor, it is not, our deeds are not joint tenants with right of survivorship at all. It is our intention that it did create tenancy in common, and what a tenancy in common, you name two people in the deed, that each have one half interest in the property. If one of them dies, that person's half interest at that time descends to that person's heirs. And at the time this second person dies, that person's half interest would descend to their heirs.

[5] Before the court counsel for the appellants expressed their position on the fact of adoption in the following exchange:

[APPELLEES' COUNSEL]: There is five adopted children.

[THE COURT]: All right, Eugene married Nellie, he adopts her five children. What does the pleading allege about this adoption. Is there any question about the adoptions?

[APPELLANTS' COUNSEL]: I didn't hear it.

After the hearing the appellees moved for, and the court granted, judgment. The court appointed commissioners to determine whether the property was susceptible to partition in kind. By report dated July 17, 1978, the commissioners found it was not, and sale of the property was scheduled for November 10, 1978, at the front door of the Lincoln County Courthouse.

The property was sold on November 10, 1978, and the sale was subsequently confirmed.

The appellants' first claim is that the trial court erred in awarding summary judgment when genuine issues of material fact remained in the case. Our rule is clear that:

> If there is no genuine issue as to any material fact summary judgment should be granted but such judgment must be denied if there is a genuine issue as to a material fact. Syllabus Point 2, *Tritchler v. West Virginia Newspaper Publishing Co., Inc.*, 156 W.Va. 335, 193 S.E.2d 146 (1972), *quoting* Syllabus Point 4, *Aetna Casualty & Surety Co. v. Federal Ins. Co. of N.Y.*, 148 W.Va. 160, 133 S.E.2d 770 (1963).

*See, Consolidated Gas Supply Corp. v. Riley*, 161 W.Va. 782, 247 S.E.2d 712 (1978); *Mandolidis v. Elkins Industries, Inc.*, 161 W.Va 695, 246 S.E.2d 907 (1978); *Cassella v. Weirton Construction Co.*, 161 W.Va. 317, 241 S.E.2d 924 (1978); *Hanks v. Beckley Newspapers Corp.*, 153 W.Va. 834, 172 S.E.2d 816 (1970); *Beaver v. Hitchcock*, 151 W.Va.620, 153 S.E.2d 886 (1967); *Deane v. Kirsch*, 148 W.Va. 429, 135 S.E.2d 295 (1964).

From a fair reading of the record it is clear that the appellants' only contentions were: (1) that the law of concurrent interests provided that the undivided interests of both Polly and Eugene passed to Eugene's heirs at his

---

[THE COURT]: All right, are you raising the sufficiency of the adoption?

[APPELLANTS' COUNSEL]: Basically not at this point. We are not raising that.

[THE COURT]: All right. Then he adopts her children and then they acquire title to a couple of other pieces of land.

[APPELLANTS' COUNSEL]: Right.

death; and (2) that Eugene's adopted children were not entitled to share equally with his natural children. Both these contentions involved questions of law not fact.

Having found no genuine issue of material fact in the case, and finding the trial court was correct on the law of undivided interests and adoption,[6] we hold that the appellants' first assertion is without merit.

The appellants' remaining claims involved the validity of the sale of the property. They principally argue (1) that the court erred in ordering a sale in the absence of a showing that the interests of the parties would be promoted by a sale of the property; (2) that the court erred in not allowing them an allotment of real estate rather than ordering a sale of all the land; and (3) that they were not afforded a reasonable opportunity to object to the sale.

Twice before the court the appellants represented that they wanted the real estate involved in this controversy sold. They also joined in an amended order appointing special commissioners to view the property to determine if it was susceptible to partition in kind. The commissioners, on July 17, 1978, reported that it was not. The appellants did

---

[6] Under the common law, and present West Virginia law, there is no right of survivorship between tenants in common, and the undivided interest of a tenant in common in real estate will descend to the heirs at law in accordance with the Statute of Descent in case of intestacy, or will go to his devisees in case he leaves a will disposing of such property. Brown, *Some Aspects of Joint Ownership of Real Property in West Virginia*, 63 W.Va. L.Rev. 207 220 (1961); 5 G. Thompson, *Real Property* § 2409 (1979); 2 H. Tiffany, *Real Property* § 426 (1939).

*W.Va. Code* 48-4-5 [1969] provides, in part:

For the purpose of descent and distribution, from and after the entry of such order of adoption, a legally adopted child shall inherit from and through the parent or parents of such child by adoption and from or through the lineal or collateral kindred of such adopting parent or parents in the same manner and to the same extent as though said adopted child were a natural child of such adopting parent or parents, but such child shall not inherit from his or her natural parent or parents nor their lineal or collateral kindred, except that a child legally adopted by a husband or wife of the natural parent shall inherit from the natural parent of such child as well as from the adopting parent.

not object to the commissioners' findings until after the sale of the property had been completed.

The record shows that after the return of the commissioners' findings counsel for the appellees prepared an order for entry by the court which incorporated the commissioners' findings and which directed the sale of the property at public auction. At the time of preparing the order, counsel for the appellees also prepared a notice to counsel for the appellants that the order would be presented to the court on October 6, 1978. The notice stated that a copy of the order was being supplied to counsel for the appellants. A certified mail receipt in the record indicates that on September 23, 1978, certified mail, presumably the notice, was delivered to counsel for the appellants.[7]

In Syllabus Point 1 of *State Road Commission v. Ferguson*, 148 W.Va. 742, 137 S.E.2d 206 (1964), we said:

> Where objections were not shown to have been made in the trial court, and the matters concerned were not jurisdictional in character such objections will not be considered on appeal.

*See, Blain v. Woods*, 145 W.Va. 297, 115 S.E.2d 88 (1960); *The Chesapeake & Ohio Ry. Co. v. Johnson*, 137 W.Va. 19, 69 S.E.2d 393 (1952); *Baker v. Gaskins*, 124 W.Va. 69, 19 S.E.2d 92 (1942).

It is obvious that the appellants did not initially object to the sale of the property and in fact, invited it. They made no showing that partition in kind was feasible or that sale was improper. They likewise have made no showing that they did not receive notice that events which would culminate in the sale were proceeding. Under the circumstances we cannot conclude that the circuit court erred in directing sale of the property.

Lastly, the appellants argue that the sale of the real estate was conducted on Friday, November 10, 1978, a day

---

[7] The receipt is filed in the record adjacent to the notice of submission of the order; however, there is nothing in the receipt indicating what document counsel for the appellants received.

celebrated as Veterans' Day. Because we have recognized that not every holiday is a non-judicial day which invalidates proceedings conducted on that day, *Logan v. Ballard*, 61 W.Va. 526, 57 S.E. 143 (1907); *Horn v. Perry*, 11 W.Va. 694 (1877), and because the appellants have not shown that November 10, 1978, was a legal holiday in West Virginia,[8] we conclude that this last assertion has no merit.

Having found no reversible error, we affirm the judgment of the Circuit Court of Lincoln County.

*Affirmed.*

---

[8] *W.Va. Code* 2-2-1 [1976] recognizes November 11, not November 10, as Veterans' Day. It further provides "when any of said days or dates [the legal holidays specified, including Veterans' Day] falls on Sunday, then the succeeding Monday shall be regarded, treated and observed as such legal holiday." November 10, 1978, fell on Friday. The appellants have not in the record or briefs demonstrated that that day was celebrated by State authorities as a legal holiday in West Virginia.