342 S.E.2d 162

**Clarence E. MORAN**

v.

**Norman L. FAGAN, Individually and As Commissioner of W.Va. Department of Culture and History.**

**No. 16402.**

Supreme Court of Appeals of West Virginia.

March 19, 1986.

Responsibility and have been adopted by courts elsewhere. *See* Annot., 57 A.L.R.3d 475 (1974).

Jack W. DeBeolt, Charleston, for appellant.

Wayne A. Sinclair, Steptoe & Johnson, Charleston, for appellee.

PER CURIAM:

This is an appeal by Clarence E. Moran from an order entered by the Circuit Court of Kanawha County on October 24, 1983. That order awarded partial summary judgment against the appellant in a proceeding growing out of the appellant's discharge as Director of the Division of Historical Preservation of the West Virginia Department of Culture and History. On appeal the appellant contends that the circuit court's summary judgment ruling was improper. We agree, and we reverse the decision of the circuit court.

The appellant served as Director of Historical Preservation in the West Virginia Department of Culture and History from September 1, 1977, through March 12, 1981. The appellee, Norman L. Fagan, was, and is, Commissioner of that department.

On March 12, 1981, the appellant was discharged from employment by the appellee. He was given a letter setting forth the grounds for his termination, but he was not afforded an adversarial hearing in which to present his position or develop a record on the reasons for the discharge.

In March, 1983, the appellant filed the complaint instituting the present action. In the complaint he alleged that the appellee had failed to follow the proper procedures in discharging him. He specifically claimed that the appellee failed to afford him a hearing and that the appellee slandered him. He also alleged that, as a result of the procedure followed by the appellee, he had suffered damage to his reputation, damage to his ability to find employment, and loss of earnings and earning capacity.

After the institution of the action the appellee filed a motion for summary judgment on the wrongful discharge issue. He took the position that he clearly had a right to discharge the appellant since the appellant was an at-will employee and since the law did not require him to afford such an employee a hearing upon discharge.

By order dated October 24, 1983, the Circuit Court of Kanawha County granted the appellee's motion for summary judgment on the wrongful-discharge issue. In the present proceeding the appellant contends that the the the circuit court's ruling was improper.

In *Major v. DeFrench*, 169 W.Va. 241, 286 S.E.2d 688 (1982), this Court recognized that public employees who have property and liberty interests in continued employment are entitled to procedural protections to insure the rationality of the decision on continued employment. The procedures to which they are entitled include the right to written notice of the reasons for the action taken and an opportunity for an adversarial hearing.

The rationale for requiring that an employee be afforded the benefit of procedural protections is that dismissal of the employee potentially can affect two of his most basic interests, his good name and his prospects for future employment. In *Major v. DeFrench*, 169 W.Va. 241, 256, 286 S.E.2d 688, 697, the Court specifically stated:

> Thus the government cannot dismiss an employee on charges that call into question her good name, or that imposes stigma upon an employee which could foreclose her freedom to pursue other employment opportunities, without providing the employee notice of the charges against her and a hearing in which the factual basis of the charges can be contested.

This was essentially the same position taken by the Supreme Court of the United States in *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 23 L.Ed.2d 548 (1972). In *Roth* the Court specifically held that when a person's good name or reputation, his honor or integrity is at stake because of what the government is doing to him, due process of law requires that he be afforded an opportunity to refute the charge against him. Notice of the charge against him and an opportunity to be heard are essential.

It is unclear from the record presently before the Court whether the appellant has been dismissed on charges that call into question his good name or that impose a stigma upon him which could potentially foreclose him from pursuing other employment opportunities. It is alleged that he was given a letter detailing the causes for his dismissal, but the Court is unable to find that letter in the record.

In syllabus point 3 of *Aetna Casualty and Surety Company v. Federal Insurance Company of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963), this Court held that: "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." *See Clendenin Lumber & Supply Co., Inc. v. Carpenter*, 617 W.Va. 375, 305 S.E.2d 332 (1983); *Handley v. Town of Shinnston*, 169 W.Va. 617, 289 S.E.2d 201 (1982); *Howard's Mobile Homes, Inc. v. Patton*, 156 W.Va. 543, 195 S.E.2d 156 (1973).

Given the nature of the record presented on appeal, the Court is unable to say that there was no question of material fact when the circuit court granted summary judgment. If, in fact, the appellant was discharged for reasons which impact on his good name and his prospects for future employment, *Major* and *Roth* require that he be given a hearing.

In light of the holdings of the cases discussed above, and also in light of the nature of the case presently under consideration, the Court is of the opinion that the circuit court should not have granted summary judgment on the wrongful-discharge issue.

Accordingly, the judgment of the Circuit Court of Kanawha County is reversed, and this case is remanded for further development.

Reversed and remanded.