450 S.E.2d 799

**Daniel Franklin REDDEN, Plaintiff Below, Appellant,**

**v.**

**Harold C. McCLUNG, Defendant Below, Appellee.**

**No. 22057.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 21, 1994.

Decided Nov. 2, 1994.

Don M. Stacy, Beckley, for appellant.

Robert S. Jacobson, Lewisburg, for appellee.

## PER CURIAM:

This is an appeal by Daniel Franklin Redden from an order of the Circuit Court of Greenbrier County granting the defendant, Harold C. McClung, summary judgment in a personal injury action instituted by the appellant against Mr. McClung. On appeal, the appellant claims that the circuit court erred in granting the motion for summary judgment since, he argues, there were issues of material fact in the case at the time of the entry of the summary judgment order. After reviewing the issues presented and the documents filed, the Court disagrees with the appellant's contentions. The judgment of the Circuit Court of Greenbrier County is, therefore, affirmed.

The appellant, Daniel Franklin Redden, was injured in an automobile collision which occurred on December 22, 1989, at or near a coal mine owned and operated by Diamond Black Mining Company, near Clearco, Greenbrier County, West Virginia. At the time of the accident, both the appellant, Daniel Franklin Redden, and the appellee, Harold C. McClung, the individual with whose vehicle the appellant's vehicle collided, were employees of Diamond Black Mining Company.

Following the accident, the appellant filed a workers' compensation claim for his injuries, and he also instituted the present personal injury action against Harold C. McClung. In his complaint in the personal injury action, the appellant charged that the negligence of Harold C. McClung was the proximate cause of the injuries which he sustained.

Harold C. McClung filed an answer to the appellant's complaint, and subsequently extensive discovery was conducted. In the course of the development of the case, Harold C. McClung essentially took the position that since both he and the appellant were employees of Diamond Black Mining Company, a subscriber in good standing to the Workers' Compensation Fund, and since at the time the accident giving rise to the action occurred, both were acting in the course of their employment, the Workers' Compensation Act barred the action.

In response to an interrogatory, Mr. McClung described the circumstances surrounding the accident:

I did not complete my work before the accident. The owner of the mine where I worked had ordered shot guns at Aids Store in Rainelle for the employees and he asked me to go to Aids to pick up the guns, which I did. The guns cost approximately $2000 and these were billed to the Company. As I was going back to the mine with the guns the accident occurred.

In a deposition, Mr. McClung testified that he was superintendent of the Diamond Black Mining Company, Inc., and that immediately prior to the accident with the appellant he, acting in the course of his employment, had picked up shotguns at a local store, which were to be Christmas presents from his employer to the men who worked for the Diamond Black Mining Company. He indicated that at the time of the accident he was returning to the mine with the shotguns. His actual testimony was:

I was—picked the shotguns—he [the owner of the mine] had bought everybody a shotgun for Christmas. And I picked those up. I was running a little late between shift changes or—I don't recall whether we even had a second shift on that day. I think it was the last shift we was going to work before Christmas. And I passed a coal truck coming out and he told me there wasn't nobody else on the road, other than there was another truck starting to load, but I would be at the mines before he got there. And that's—I was in a hurry, but I didn't know Mr. Redden was on the road.

At the time, Mr. McClung was in his personal vehicle. Mr. McClung testified that

Mr. Redden had stopped his vehicle on the road, which was icy and slick, when his own, that is, Mr. McClung's vehicle, slid into Mr. Redden. Mr. McClung, did not sustain an injury and did not file a workers' compensation claim as a result of the accident.

At the close of discovery, Harold C. McClung filed a motion for summary judgment in the case. A hearing was conducted on the motion. At that hearing, it appears that the principal factual question presented was whether both parties were acting in the course of their employment at the time of the accident and the principal legal question was whether the Workers' Compensation Act, W.Va.Code § 23–2–6a, barred the appellant's personal injury action against Mr. McClung.

It appears to this Court that two provisions of the Workers' Compensation Act, acting in tandem, grant an employee, acting in furtherance of his employer's business, immunity from actions for non-intentional torts inflicted on co-employees who are also acting in the course of the employer's business. The first provision, W.Va.Code § 23–2–6a, provides:

> The immunity from liability set out in the preceding section [§ 23–2–6] shall extend to every officer, manager, agent, representative or employee of such employer when he is acting in furtherance of the employer's business and does not inflict an injury with deliberate intention.

The second provision, W.Va.Code § 23–2–6, provides:

> Any employer subject to this chapter who shall subscribe and pay into the workers' compensation fund the premiums provided by this chapter or who shall elect to make direct payments of compensation as herein provided, shall not be liable to respond in damages at common law or by statute for the injury or death of any employee, however occurring, after so subscribing or electing, and during any period in which such employer shall not be in default in the payment of such premiums or direct payments and shall have complied fully with all other provisions of this chapter. . . .

After construing these provisions, this Court concluded in syllabus point 2 of *Bennett v. Buckner*, 150 W.Va. 648, 149 S.E.2d 201 (1966), that:

> By reason of the provisions of Sections 6 and 6a, Article 2, Chapter 23 of Code, 1931, as amended, an employee of a subscriber to the workmen's compensation fund who negligently injures a fellow employee during the course of their employment is not liable to respond in damages to the injured fellow employee for the personal injuries thus caused him.

In ruling on Mr. McClung's motion for summary judgment, the trial court correctly concluded that if the evidence showed that both parties were acting in the course of their employment at the time of the accident giving rise to the cause of action, the action would be barred by these principles. The court then found that the evidence developed by the interrogatories, pleadings, and depositions in the case was uncontradicted and showed that both the appellant and Harold C. McClung were acting within the course of their employment at the time the accident occurred and that the appellant's action was barred. The court, therefore, awarded Mr. McClung summary judgment.

On appeal, the appellant essentially claims that there is a material question of fact in the case, that fact being whether Mr. McClung was actually acting in the course of and as a result of his employment at the time of the accident in question, and, under the circumstances, summary judgment was improper.

In *Aetna Casualty & Surety Company v. Federal Insurance Company of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963), this Court discussed at some length the circumstances under which summary judgment could properly be granted under the West Virginia Rules of Civil Procedure. In that case, the Court indicated that the question to be decided on a motion for summary judgment was whether there was a genuine issue of material fact in the case. In syllabus point 4 the Court concluded:

> If there is no genuine issue as to any material fact summary judgment should be granted but such judgment must be denied

if there is a genuine issue as to a material fact.

*See also, Oakley v. Wagner,* 189 W.Va. 337, 431 S.E.2d 676 (1993); *Everly v. Peters,* 183 W.Va. 613, 397 S.E.2d 416 (1989); *Wysong v. Stowers,* 166 W.Va. 211, 273 S.E.2d 379 (1980); *Consolidated Gas Supply Corp. v. Riley,* 161 W.Va. 782, 247 S.E.2d 712 (1978); *Beaver v. Hitchcock,* 151 W.Va. 620, 153 S.E.2d 886 (1967); *Deane v. Kirsch,* 148 W.Va. 429, 135 S.E.2d 295 (1964).

■ It appears that in the present case Mr. McClung rather clearly stated that at the time of the accident which gave rise to the case he was returning to his work site with shotguns that had been ordered by his employer as Christmas gifts for the employee of the mine. He indicated that he was late in returning to work and that the shotguns, which cost approximately $2,000.00, had been billed to the company.

The appellant did not introduce evidence which in any way rebutted the evidence that the shotguns had been billed to the company or that Mr. McClung was returning to the work site with Christmas gifts for the men. He merely argued that, under the circumstances, it was improbable that Mr. McClung would be returning with Christmas gifts after the men had already left for their Christmas break.

In reviewing the evidence as developed, this Court believes that the plausibility issue raised by the appellant is adequately explained by Mr. McClung's statement that he was late in returning to the mine with the guns. The Court also believes that there is nothing to contradict Mr. McClung's allegations that he was actually acting in the course of his employment at the time the accident occurred.

Under the circumstances of this case, the Court believes that there were no genuine issues as to any material fact and that the Circuit Court of Greenbrier County was correct in concluding that W.Va.Code § 23-2-6a effectively bars the appellant's claim against Mr. McClung.

Under the principle set forth in syllabus point 4 of *Aetna Casualty & Surety Company v. Federal Insurance Company of New York,* the trial court did properly grant summary judgment.

The judgment of the Circuit Court of Greenbrier County is, therefore, affirmed.

Affirmed.

BROTHERTON, C.J., did not participate.

MILLER, Retired J., sitting by special assignment.