# CHARLESTON.

BURROUGH *v.* ELY AND OTHERS.

Submitted June 10, 1903.—Decided November 14, 1903.

1. MECHANIC'S LIEN.
   A common law lien on personal property for work and labor performed is the mere right of detention of such property until satisfaction of debt, and is not the subject of equitable jurisdiction or protection in the absence of statutory provision or other grounds of equitable interference. (p. 119).

2. MECHANIC'S LIEN.
   Such lien only secures to the lienor the right of possession and it is not otherwise enforceable. A sale made by him of the property would be wrongful. (p. 119).

3. MECHANIC'S LIEN—*Sale.*
   For the deprivation of such possession, the lienor may maintain detinue or trover, or under execution ·or attachment properly obtained, he may have sale of the property. (p. 119).

Appeal and *supersedeas* from the Circuit Court, Lewis County.

Action by C. E. Burroughs against Ralph H. Ely *et als.* Judgment for defendant, and plaintiff appeals.

*Affirmed.*

EDWARD A. BRANNON and C. C. HIGGENBOTHAM, for appellant.

W. W. BRANNON and W. B. McGARY, for appellee.

DENT, JUDGE:

C. E. Burrough appeals from the decision of the Circuit Court of Lewis County rendered on the 27th day of March, 1902, dismissing a bill in chancery, filed by him against Ralph H. Ely and others, for the purpose of enforcing a common law lien claimed by the plaintiff on a certain lot of lumber manufactured by him for the defendant Ely.

The first question that presents itself is as to whether such bill is maintainable. If not, the plaintiff's remedies to determine and sustain his lien must be found in a court of law.

The nature of the lien is only the right of possession of certain personal property on which work and labor has been performed. Hence there is no right of sale by reason thereof, either at law or in equity.

The right of possession is all that such lien secures which may be maintained by proper suit at law until the right of sale has been acquired either under execution or attachment.

If the lienor is wrongfully deprived of his possession, he can maintain detinue for the goods or trover and conversion for their value to the amount of his claim. 2 Tucker's Com. (3d Ed.) 83; 13 Enc. Plead. and Prac. 126.

In the absence of statutory provision to that effect, such lien does not authorize a suit in equity to sell the property for the payment of the debt.

Retention of possession is the full force of such lien and nothing more. To this extent alone it is enforceable and this by suit at law. 19 Amer. and Eng. Enc. Law (2 Ed.) 34; 13 Enc. Plead. and Prac. 123, 126.

The decree is affirmed.

*Affirmed.*