Edward Haga and Jack A. Richmond, Doing
Business as Allen Motor Company

*v.*

King Coal Chevrolet Company, *a corporation*

(No. 12564)

Submitted September 13, 1966. Decided October 25, 1966.

126

*Pat R. Hamilton,* for appellant.

No appearance for appellees.

BERRY, JUDGE:

This is an action instituted in the Circuit Court of Fayette County, West Virginia, by the plaintiffs, Edward Haga and Jack A. Richmond, doing business as Allen Motor Company, against the defendants, King Coal Chevrolet Company, a Corporation, and Lewis Jones, to recover money due on a note given by the defendant Lewis Jones for the purchase of an automobile from the plaintiffs and secured by a lien by virtue of a conditional sales contract noted on the title issued by the Department of Motor Vehicles. The car was later sold by the defendant King Coal Chevrolet Company under an improver's lien for repairs and storage of said automobile.

The questions involved are whether King Coal Chevrolet Company, a Corporation, holder of an improver's lien on an automobile, had the right to sell it free and clear of a purchase money lien, or whether the case was alleged and proved by the plaintiffs sufficiently, or whether certain papers, part of the printed record, are part of the actual record, or whether it was a proper case for summary judgment, and which, if any,

of these multiple issues controls the disposition of the case.

From a summary judgment of September 25, 1965, in favor of the plaintiffs, this Court granted an appeal and supersedeas on March 21, 1966. It was submitted to the Court in the September Regular term, 1966, on the record and brief by defendant King Coal Chevrolet Company, a Corporation, the plaintiffs having neither appeared nor filed a brief.

On or about March 2, 1964, the Allen Motor Company, whose partners are plaintiffs herein, at Hinton, West Virginia, sold a 1957 Ford station wagon to Lewis Jones for $650.00. Jones obtained a title which showed a lien of $703.20 in favor of the National Bank of Summers of Hinton, West Virginia. The complaint of March 23, 1965, alleges that plaintiffs, the dealers, assigned the conditional sales contract to the bank, that Jones made two payments and defaulted, forcing plaintiffs to pay off the note, and the bank then assigned the note and lien to the plaintiffs ''as shown by a copy of said assignment attached hereto and hereby made a part hereof.'' The assignment copy was, however, not attached. The amount due on the contract was stated to be $609.44.

Then the complaint alleges in Paragraph 2 that the lien appeared on the face of the title, ''as shown by a copy of the certificate of title to said automobile attached hereto and marked 'Exhibit A',.'' However, the certificate of title was not so attached.

The complaint alleges in Paragraph 3 that defendant King Coal, another automobile dealer, on or about October 13, 1964, with full knowledge of the lien, sold the car at a public sale to satisfy an alleged mechanic's lien and storage charge, claimed against Jones, the owner.

Paragraph 4 alleges that defendants, King Coal and Jones, were both requested by the plaintiffs and the

bank to pay the remaining amount, but refused to do so.

The complaint concludes with a demand for judgment against the defendants for the amount of $609.44.

To this complaint, King Coal Chevrolet Company filed an answer. The defendant Jones did not appear and defend in any manner in the trial court. The answer says that it has not sufficient knowledge of the assignment transactions to answer or deny, and has no knowledge of the dealings between Lewis Jones and the plaintiffs and "was not chargeable therewith." This statement, under the provisions of Rule 8(b), R.C.P., "has the effect of a denial." The answer further says the lien shown on the title was in favor of the bank, not the plaintiffs. Defendant King Coal alleges that it notified the bank of the proposed sale but had no reason to notify the plaintiffs, that the automobile was properly sold in accordance with Code, Chapter 38, Article 11, Section 17, after notice served on the owner and bank by registered mail, return receipt requested, that nothing was heard from either party and that the automobile was therefore sold. King Coal Chevrolet Company therefore prayed for dismissal of the action.

On May 19, 1965, defendant King Coal Chevrolet Company moved for summary judgment, accompanied by affidavit of an official of that Company, in which the grounds were that the defendant had, prior to the sale, notified the only lien holder and plaintiffs were not of record as such, and plaintiffs have no legal basis for a claim. It is further stated in the affidavit that defendant had no actual or constructive notice of a lien in favor of the plaintiffs, and that the car was sold for $225.00 and this amount applied on the total sum of $393.20 due King Coal as a lien holder. The notices to the bank and Jones, showing receipt thereof, were submitted with the motion and affidavit.

At this point in the record are found the assignment

by which the Allen Motor Company secured the car before Allen sold it to Jones and the reassignment of the title by which Jones got it, with the bank's lien mentioned therein, and Jones' title which he got after purchase, showing a conditional sales lien in favor of the bank. How these got in the record is not quite clear except that there is an indication that defendant King Coal submitted them.

Following the motion for summary judgment by the defendant King Coal Chevrolet Company is a motion for summary judgment by the plaintiffs, returnable on the same day, taking the position that King Coal Chevrolet Company admits it knew of the bank's lien and it has not been paid off or discharged, and that the statute relating to the improver's lien (called elsewhere in the papers improperly a mechanic's lien) provides that the improver stands in the same shoes as a purchaser would, and that when King Coal Chevrolet Company sold the car, it was bound to pay off the first lien of the bank.

After examination of the various papers, the trial court entered a summary judgment for the plaintiffs on September 25, 1965, against King Coal Chevrolet Company but not against Jones, for the unpaid balance due on the note of $609.44. Defendants objected and excepted to this order. The court overruled the motion by defendants for summary judgment.

Following this a petition for an appeal was presented to this Court and an appeal and supersedeas were granted March 21, 1966. After the appeal was granted, the plaintiffs applied to the lower court and had an order entered April 21, 1966, in which they filed the assignment from the bank to plaintiffs and the title issued to Jones. These were the two items they said had been attached to the complaint and were not so attached. These extra papers then were included in the court file and sent to the Supreme Court by the clerk of the lower court over a certificate that they were part of the court record.

The assignment and title, which were filed in the lower court after judgment had been entered by it and after this Court had granted an appeal from such judgment, show that for $609.44 the bank assigned on February 16, 1965, the note with the lien to plaintiffs, and then four days later, on February 20, 1965, wrote across the title that the lien to the bank was "paid, satisfied, and released", and notarized this release, all of which was not before the trial court when its judgment was entered.

In the petition for appeal filed in this Court, the defendant assigns as errors that there was "no verified affidavit or otherwise" to support the motion for summary judgment, and that the plaintiffs had not produced the contract, assignments, or copies, nor filed them as exhibits or made them available to the court, and that there were material factual issues which plaintiffs had failed to show other than by allegations, such as the amount of the note still due, the contract, note or assignment, and that there was evidence that would support a finding that the bank had waived the lien and would be estopped to assert it.

Also, there were assigned errors that the King Coal motion for summary judgment should have been granted because the facts surrounding the creation of the "mechanic's lien" are not in dispute and allow judgment for King Coal as a matter of law, that the prior lien holder had a duty to come forth and assert it, that the bank would be estopped, that the "mechanic's lien" would be superior to a prior lien assigned to a third party after a sale under the subordinate lien, and the subsequent assignment of the original superior lien would pass no interest to the assignee superior to the later inferior lien, and that all valid defenses against the bank are available against the bank's assignees. Almost identical errors are assigned by brief.

The petition prays that a trial on the merits be awarded to the defendant King Coal Chevrolet Company.

As can be readily seen from the above statement taken from the record presented to this Court on this appeal, the entire proceeding and disposition of this case in the court below is quite confusing and complicated. It is difficult to ascertain the reason and justification for the disposal of the case by the trial court. However, it is quite clear that the summary judgment rendered against the defendant King Coal Chevrolet Company was for the full amount due on a note which was not made by it, but was admittedly given by the defendant, Lewis Jones, and the judgment entered by the trial court was not against him.

In any event, if the plaintiffs had a prior lien on the automobile sold which had not been waived or they were not estopped to assert, the lien would only attach to the proceeds of the sale by the defendant King Coal Chevrolet and not for the amount due on the note which was not made by the defendant. 53 C.J.S., Liens, §12. See *Burrough v. Ely,* 54 W.Va. 118, 46 S.E. 371. The lien is against the property and if not released is still enforceable against said property in whoever's possession it may be. However, to permit the holder of a valid prior lien to recover the proceeds of the sale conducted by the holder of an improver's lien and to also obtain possession of the property upon which the lien attached or recover the value of the note from a person liable thereon would amount to a double recovery. See *Joyner v. Graybeal et al.,* 204 Va. 543, 132 S.E.2d 467.

The complaint filed by the plaintiffs is based on a note given by the defendant Lewis Jones for the purchase of the automobile involved, made payable to the National Bank of Summers of Hinton, West Virginia, and secured by a conditional sales contract recorded on the face of the title obtained by Jones which it is alleged was assigned to the plaintiffs when Jones defaulted in his payments. Judgment was demanded against both defendants for the unpaid balance of the note, although King Coal had no part in it except to claim a superior lien. It appears from the record that

the defendant King Coal Chevrolet Company denies the validity of the assignment and interposes both the defenses of the waiver of the lien by virtue of a release on the part of the bank, and of estoppel to assert such matter by virtue of actions on the part of both the bank and the plaintiffs, which are matters of fact and if properly proved and applicable to the case may constitute a valid defense. *Bates v. Swiger*, 40 W.Va. 420, 21 S.E. 874; *Morris v. Journal Co.*, 80 W.Va. 531, 92 S. E. 743; *Citizens' National Bank of Connellsville v. Harrison-Doddridge Coal & Coke Co.*, 89 W.Va. 659, 109 S.E. 892. It would appear that a material issue of fact was raised in connection with the matters relied upon by the plaintiffs for recovery, and in such a case summary judgment, under Rule 56 R.C.P., can not be granted to either party. *Petros v. Kellas et al.*, 146 W.Va. 619, 122 S.E.2d 177; *Aetna Casualty & Surety Co. v. Federal Insurance Company of New York*, 148 W. Va. 160, 133 S.E.2d 770; *Deane v. Kirsch*, 148 W.Va. 429, 135 S.E.2d 295; *Hatten v. Mason Realty Co.*, 148 W.Va. 380, 135 S.E.2d 236.

Upon a motion for a summary judgment all exhibits, affidavits and other matters submitted by both parties should be considered by the court and such motion can only be granted when it is clear that no genuine material issue of fact is involved. *Aetna Casualty & Surety Co. v. Federal Insurance Company of New York, supra.* A motion by both the plaintiffs and defendant in this case for summary judgment does not constitute a determination that there is no such issue of fact to be tried and if a genuine issue of a material fact is involved both motions should be denied. *Aetna Casualty & Surety Co. v. Federal Insurance Company of New York, supra.*

It has been pointed out that the trial court did not have before it when judgment was rendered the certificate of title to the automobile in question and the assignment of the negotiable note from the bank to the plaintiffs, and therefore it would appear that although

there was a denial and issue of fact raised by the defendant there was no proof upon which to base the judgment. Also, the questions involved in this appeal should be restricted to the record upon which the trial court rendered its judgment and should not include additional material filed in the trial court after the rendition of its judgment and after an appeal is granted from said judgment by this Court. *City of Beckley v. Craighead,* 125 W.Va. 484, 24 S.E.2d 908.

For the reasons stated herein, the judgment of the Circuit Court of Fayette County is reversed and the case is remanded for proper disposition thereof.

*Reversed and remanded.*