RONNIE LEE OAKES *and* GAITHER S. OAKES, *et al.*

*v.*

MONONGAHELA POWER COMPANY, *et al.*

*v.*

UNION BOILER REPAIR, FABRICATION & ERECTION COMPANY

(No. 13362)

Decided July 30, 1974.

Dissenting Opinion August 1, 1974.

*Herschel Rose and Duane Southern Greene, Ketchum & Baker, James D. Nash, Jr.* for Union Boiler Repair.

*Furbee, Amos, Webb & Critchfield, Alfred J. Lemley* for Monongahela Power Co. and others.

CAPLAN, CHIEF JUSTICE:

This is an appeal by Union Boiler Repair, Fabrication & Erection Company, Inc., from a final order of the Circuit Court of Monongalia County entered on October 30, 1972. That order was entered in an action wherein Union Boiler was impleaded as a third-party defendant by Monongahela Power Company, The Potomac Edison Company, and Duquesne Light Company, sometimes hereinafter referred to as the power companies, in an action in which such companies, as defendants, were held liable for the negligent injury of the plaintiffs. The judgment against the power companies was affirmed by this Court on appeal.

In the original actions which were consolidated for trial, the plaintiffs, Ronnie Lee Oakes and Nancy Diane Oakes and Gaither S. Oakes and Mildred Oakes, sought the recovery of damages against the three power companies for personal injuries which they alleged were sustained when Ronnie Lee Oakes and Gaither S. Oakes were burned by hot fly ash in an electric generating plant owned and operated by the said power companies at Ft. Martin in Monongalia County. The plaintiffs were employees of Union Boiler which was in the process of performing certain maintenance on and repairs to a generating plant under a contract between the power companies and said Union Boiler.

In the original actions the plaintiffs claimed that the electric companies were negligent in failing to provide the plaintiffs with a reasonably safe place to work. Impleading Union Boiler as a third-party defendant in the

consolidated action the power companies claimed that they had warned Union Boiler of the location and presence of the hot fly ash; that Union Boiler had failed to transmit this warning to its employees, the plaintiffs; that as a result of such failure the plaintiffs were injured; and that the power companies were therefore entitled to full indemnity for any liability on their part to the plaintiffs under the indemnity provision of the aforesaid repair and maintenance contract. That provision reads as follows:

> 12. *INDEMNIFICATION:* Seller shall indemnify, save harmless, and defend buyer from all claims, losses, liabilities, and expenses arising out of bodily injury, death, or damage to property occurring in connection with any act or omission of Seller, its agents, employees, representatives, or subcontractors.

A determination of the issues arising on the third-party complaint was deferred by stipulation of the parties, as reflected by an order entered on June 19, 1972, until after the trial of the issues between the plaintiffs and the power companies. That trial resulted in a jury verdict in favor of Ronnie Lee Oakes in the amount of $60,000.00 and a verdict in favor of Gaither Oakes in the amount of $75,000.00 upon which judgment was entered on June 26, 1972.

Thereafter, but prior to the payment of these amounts, the power companies, relying on the indemnification provision of the contract moved the court for judgment against Union Boiler. The trial court upon the evidence adduced at the trial and without any further proceedings, by its order dated October 30, 1972, directed that the third-party plaintiffs, the power companies, "recover of and from the third party defendant the sum of $75,000.00 plus interest representing the judgment obtained by the plaintiff, Gaither Oakes against the defendants and third party plaintiffs and also the sum of $60,000.00 plus interest representing the sum recovered by plaintiff Ronnie Oakes against the defendants and third party plaintiffs * * *". It is from this judgment of

October 30, 1972, that Union Boiler, the third-party defendant, prosecutes this appeal.

On this appeal Union Boiler assigns as error (1) the refusal of the court to grant its motion for summary judgment; and (2) the granting of the motion of the power companies as reflected by the order of October 30, 1972.

In support of its contention that its motion for summary judgment should have been granted, Union Boiler points out that the plaintiffs' claims against the power companies were predicated solely upon the alleged failure of the power companies to furnish said plaintiffs a safe place to work. In other words, the claims and recovery were based solely on the negligence of the power companies. The appellant, Union Boiler, further points out that by the answer of the power companies in the original action the power companies offered affirmatively the following defenses: that the plaintiffs were contributorily negligent; that the plaintiffs assumed the risk of their injuries; and that any injuries and damages suffered by the plaintiffs were due solely to the negligent, careless and unlawful acts of the appellant, Union Boiler. The appellant asserts here that on the issues joined between the plaintiffs and the power companies a verdict of the jury in favor of the plaintiffs against the said power companies could be and was predicated upon the sole negligence of the power companies and on no one else.

Union Boiler asserts that inasmuch as an adjudication has been made declaring that the power companies' own negligence caused the injuries to the plaintiffs they cannot be reimbursed for their losses under the subject indemnification agreement. Cited in support thereof by Union Boiler is *Sellers v. Owens-Illinois Glass Company*, W. Va., 191 S.E.2d 166 (1972), wherein the Court said that contracts will not be construed to indemnify one against his own negligence unless such intention is expressed in clear and definite language in the indemnification agreement.

Countering the argument of the appellant the appellees, the power companies, assert here that *Sellers v. Owens-Illinois Glass Company, supra,* is not applicable to the present case. In distinguishing that case, they make the cogent point that the indemnitor in the *Sellers* case was a codefendant in the original damage suit and was adjudged not guilty by the jury of any negligence in relation to the original plaintiffs. The indemnitee, on the other hand, was adjudged guilty of negligence which, as between them, was the sole proximate cause of the plaintiffs' damages.

We are in agreement with the appellees' assertion that the *Sellers* case is distinguishable on the facts from the instant case. In *Sellers* the exoneration by the jury of the indemnitor of any negligence clearly shows an adjudication of the question of negligence as between the parties to the indemnification agreement. This left the indemnitees' negligence as the sole proximate cause of the plaintiffs' damages. Inasmuch as the indemnification agreement did not permit one to be indemnified against his own negligence the indemnitor was not chargeable under the agreement.

In the instant case, however, there has been no adjudication by a court as to negligence between the parties to the indemnification agreement. Such adjudication must be made but because of the conflict in the testimony on the question of Union Boiler's negligence there is necessarily a genuine issue as to a material fact and this matter cannot be disposed of by summary judgment.

Although summary judgment, as provided for in Rule 56 of the West Virginia Rules of Civil Procedure, is a device designed to effect a prompt disposition of controversies on their merits without resort to a lengthy trial, *Hanks v. Beckley Newspapers Corporation,* 153 W. Va. 834, 172 S.E.2d 816 (1970), such judgment should be granted only when it is clear that there is no genuine issue of fact to be tried. As succinctly stated in *Haga v. King Coal Chevrolet Company,* 151 W. Va. 125, 150 S.E.2d

599 (1966), "If a genuine issue as to any material fact is raised in any action, a summary judgment under the provisions of Rule 56, R.C.P. can not be granted." See *Wheeling Kitchen Equipment Co., Inc. v. R & R Sewing Center, Inc.*, 154 W. Va. 715, 179 S.E.2d 587 (1971); *The Employers' Liability Assurance Corporation v. Hartford Accident and Indemnity Company*, 151 W. Va. 1062, 158 S.E.2d 212 (1967); *Beaver v. Hitchcock*, 151 W. Va. 620, 153 S.E.2d 886 (1967); *Aetna Casualty and Surety Company v. Federal Insurance Company*, 148 W. Va. 160, 133 S.E.2d 770 (1963); *Petros v. Kellas*, 146 W. Va. 619, 122 S.E.2d 177 (1961).

In the instant case the testimony of Mr. Malick, foreman of Union Boiler, Mr. Hackett, engineer and manager of the Ft. Martin Power Company plant, and of the plaintiffs and their witnesses is in conflict as to the negligence of Union Boiler. Such testimony clearly demonstrates that there is a genuine issue as to a material fact which cannot be disposed of by summary judgment but which must be adjudicated in a trial. Rule 56(c), R.C.P. Applying the principles stated in the cases cited above, we find and hold that the first assignment of error is without merit and the trial court's action in denying the appellant's motion for summary judgment was proper.

In its second assignment of error Union Boiler asserts that the court erred in granting judgment in favor of the power companies by its order of October 30, 1972. This motion was granted to the appellees on their third-party complaint on the strength of the indemnification agreement contained in the contract between the parties. Basically the appellees contend that the injuries to the plaintiffs occurred "in connection with [an] act or omission of Seller [Union Boiler]". That contention presupposes that Union Boiler was guilty of some "act or omission" which caused the injuries to the plaintiffs. As discussed earlier in this opinion in relation to a finding of negligence as between these parties there must be an adjudication by a court that Union Boiler acted in such a manner as to be brought within the provisions of the

indemnification agreement. In the present posture of this case there has been no such adjudication.

By a stipulation entered into between the parties on June 19, 1972, it was agreed "1. That the Third Party Action be severed herefrom and tried at a later date." By an order of the court containing that stipulation it was ordered "The issues and matters raised and presented by the Third Party Complaint and Answers and pleadings filed therein be, and they hereby are, continued generally."

While the motion for judgment filed by the appellees was not formally a Rule 56 motion for summary judgment its effect in the circumstances of this case is the same. Many of the same principles discussed in the consideration of the first assignment of error are applicable here. Of principal import is the fact that although the right of the appellees to recover depends upon proof of an act or omission of Union Boiler which caused the injuries to the plaintiffs, no such adjudication by a court has been made.

The appellees say that judgment in favor of the plaintiffs based upon the negligence of the power companies does not bar inquiry into the issue of Union Boiler's negligence. This is true but the resolution of such inquiry entails the taking of evidence to determine the issue of Union Boiler's negligence. This matter could not have been settled in the main action because, as heretofor noted, the matters charged in the third-party complaint were, by stipulation and order of the court, severed and to be tried at a later date. That trial was never held. There has been no finding by a fact-finding body that Union Boiler was guilty of any act or omission which caused injury to the plaintiffs. At this point the charge of such act or omission is merely an allegation by the appellees.

Inasmuch as the third-party complaint was severed from the main trial and was to be considered in a later trial it is imperative that such procedure be permitted. This will be the only opportunity that Union Boiler has

to be heard in relation to its posture concerning the plaintiff's injuries. The conflicting evidence alluded to above precludes at this stage a holding that Union Boiler is guilty of an "act or omission" from which its negligence may be assumed and because of which it would be chargeable under the indemnification agreement.

In view of the foregoing, the judgment of the Circuit Court of Monongalia County, which granted the power companies' motion on the third-party complaint, is reversed and the case is remanded to that court for a trial on said third-party complaint.

*Reversed and remanded.*

NEELY, JUSTICE, *dissenting*:

I respectfully dissent from the majority opinion on the grounds that the third party action was susceptible to summary judgment because the sole issue was the interpretation of the indemnity provisions of the contract between the power companies and Union Boiler. The pertinent parts of that contract provide as follows:

"2. *RESPONSIBILITY:* Seller [Union Boiler] shall at all times be an independent contractor and responsible for all acts and omissions of its agents, employees, . . . No act or order of Buyer shall be deemed to be the exercise of supervision or control of performance hereunder.

\* \* \*

"12. *INDEMNIFICATION:* Seller shall indemnify, save harmless, and defend Buyer from all claims, losses, liabilities, and expenses arising out of the bodily injury, death, or damage to property occurring in connection with any act or omission of Seller, its agents, employees, representatives, or subcontractors.

\* \* \*

"17. *SAFETY:* Seller [Union Boiler] shall provide and maintain safe places of work for its

employees and shall comply with all requirements of public authorities with respect thereto. . . .

\* \* \*

"19. *INSURANCE:* Prior to rendering any service hereunder, Seller shall at its own expense procure and thereafter keep in effect until the service has been performed, general comprehensive liability insurance . . . providing limits of not less than $100,000 per person and $300,000 per occurrence for bodily injury and death. . . ."

I would respectfully suggest that the factual situation in *Sellers v. Owens-Illinois Glass Co.*, W. Va., 191 S.E.2d 166 (1972) is distinguishable from the case before us because the contract in *Sellers* was completely different from the contract in the case at bar. Certainly the entry by the Oakes into the hot fly ash was an act of Sellers' employees, although the Oakes did not intend it and a jury found that the Oakes were not guilty of contributory negligence. Their action clearly comes within the plain meaning of the phrase "act or omission of Seller, its agents, employees, representatives, or subcontractors." The controlling point of law is stated in syllabus point 1 of *Sellers* which says: "Contracts of indemnity against one's own negligence do not contravene public policy and are valid."

Both Union Boiler and the power companies are large corporations with expertise in transactions of this nature. In a major construction project where the question of liability has been raised in the contract the interrelationships are so complex that the relevant issue is the intended allocation of risk rather than traditional concepts of "sole proximate cause" or "negligence." This case is exclusively concerned with the interpretation of a contract in which the parties deliberately attempted to allocate loss from all personal injuries among themselves and their insurers. The quoted provision in the contract with respect to insurance indicates an intent of the parties that Union Boiler purchase insurance for the

specific purpose of protecting the power companies, and the purport of all the quoted sections indicates that it was the intent of the parties that Union Boiler undertake the risk of any loss attendant upon the construction.

In the area of tort law concerned with personal injuries it is common experience that human compassion frequently engenders substantial judicial caprice. Judicial caprice precipitated by result orientation, erroneous findings of fact, or erroneous conclusions of law, is an element of risk against which any intelligent business insures. An errant judicial process may as surely ravage a business as any tornado or other natural disaster. Accordingly it is appropriate for contracts to provide for indemnification regardless of judicial findings of negligence or sole proximate cause.

As the plain meaning of the contract provisions is to shift the risk of loss for all personal injuries from the power companies to Union Boiler, and more particularly from the power companies to Union Boiler's insurer, I am of the opinion that summary judgment in favor of the power companies on the basis of the indemnification agreement was proper and that the judgment of the lower court should be affirmed.