414 S.E.2d 874

**John David SARTIN, an infant, by and through Charles SARTIN, his natural parent and legal guardian, Plaintiff Below, Appellant,**

v.

**Tammy Dean EVANS, Ida Mae Evans, and Cory Petsche, Defendant Below, Appellee.**

No. 20212.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 18, 1991.

Decided Dec. 13, 1991.

William W. Pepper, Pepper & Nason, Charleston, for appellant.

William L. Mundy, Renatha Garner, Mundy & Adkins, Huntington, for appellee.

PER CURIAM:

This is an appeal by John David Sartin from a final order of the Circuit Court of Mingo County dated November 30, 1990. The lower court awarded summary judgment in favor of the appellee Cory Petsche. The appellant contends that the lower court erred in granting summary judgment

against him. We agree with the contentions of the appellant and reverse the decision of the Circuit Court of Mingo County.

## I.

On April 12, 1987, the appellant, age 14, was struck by an automobile while he was riding his bicycle on a public highway in Mingo County, West Virginia. The appellant was riding his bicycle in the right lane of traffic when he was approached from behind by a motorcycle operated by appellee Cory Petsche. According to the testimony of the appellee and a passenger on the motorcycle, Robin Cooper, the appellant turned his head to look behind him as the motorcycle approached. Although there is conflicting evidence regarding the moment at which the appellant began to direct his bicycle to the left, the appellant did eventually move to the left, and the motorcycle proceeded past the bicycle on the right. The appellant was then struck by a vehicle approaching from the opposite direction driven by Tammy Dean Evans. The appellant suffered a severe head injury and permanent brain damage, and he is unable to recall the accident in any detail.

A civil action was initiated by the appellant against Tammy Dean Evans, driver of the vehicle, Ida Mae Evans, owner of that vehicle, and the appellee driver of the motorcycle. The appellant contends that he was forced to move to the left into the path of oncoming traffic when the motorcycle passed him on the right. The appellant further contends that the appellee was negligent in passing the appellant on the right and that such action created a rebuttable *prima facie* presumption of negligence pursuant to W.Va.Code § 17C–7–3 (1951) and W.Va.Code § 55–7–9 (1931), discussed in detail in subsequent sections of this opinion.

The appellee, however, contends that the appellant moved his bicycle to the left when the appellee was still approximately 100 yards behind the bicycle. Thus, the appellee contends that he did nothing to precipitate the accident, that the appellant moved to his left of his own accord, and that the appellee proceeded past the bicycle in the appellee's proper lane of traffic. The appellee also contends that the collision between the automobile and the bicycle did not occur until the appellee had safely passed the bicycle. Furthermore, both the appellee and his passenger stated that they neither saw nor heard the accident and were unaware of its occurrence until they returned home.

Although the appellee contends that the bicycle moved to the left when the motorcycle was still approximately 100 yards behind the bicycle, the appellant introduced a recorded statement of the appellee taken on the day of the accident by private investigator James Amory which calls that estimate into some degree of question. With regard to the location of the bicycle as the motorcycle approached, the statement of the appellee indicates that the bicycle may have moved to the left in response to the approaching motorcycle. The relevant portions of the questioning were as follows:

Q: O.K., you caught up and passed the Sartin boy?

A: Yeah. He was on my side of the road, so he moved over to the other side of the road.

Q: So he moved to his left?

A: Yes.

Q: So you went around on your own side of the road?

A: Yeah, on my own side of the road.

The passenger on the motorcycle also gave a statement to Mr. Amory. She indicated that she and the appellee approached the appellant from behind and that "he heard the motorcycle and he turned around and he went to the other side of the road." Thus, in their original statements, neither the appellee nor his passenger indicated that the motorcycle was still as far away as 100 yards when the bicycle moved to its left.

Mr. Amory also took a statement from Brian Shepherd, an individual walking down the road in the same direction as the appellant's travel. Although Mr. Shepherd did not see the actual collision, he heard the collision and saw the appellant as he was thrown from the force of the accident. Mr. Shepherd stated that the appellant had

been riding on the right side of the roadway the last time Mr. Shepherd saw the appellant, and Mr. Shepherd also noted that there was no center line painted on the road.

Another witness, Elmer Fitzpatrick, was sitting on his porch approximately 100 feet from the accident scene when the bicycle passed his home. Mr. Fitzpatrick testified that the bicycle was being operated near the right side of the road as it passed, that he then heard a motorcycle pass at a constant speed, and that he heard the accident occur a few seconds later. He did not, however, see the accident occur.

Upon a motion for summary judgment on behalf of the appellee, the lower court found no genuine issue of material fact as to the liability of the appellee and granted summary judgment in his favor. It is from that November 30, 1990, order that the appellant now appeals.

## II.

"'A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syl. Pt. 1, *Karnell v. Nutting*, [166] W.Va. [269], 273 S.E.2d 93 (1980) citing syl. pt. 3, *Aetna Casualty & Surety Company v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syl. Pt. 1, *Perlick & Co. v. Lakeview Creditor's Trustee Comm.*, 171 W.Va. 195, 298 S.E.2d 228 (1982).

Summary judgment is a mechanism designed to promptly resolve controversies where no real dispute as to the salient facts is involved or where only a question of law is involved. *See Oakes v. Monongahela Power Co.*, 158 W.Va. 18, 207 S.E.2d 191 (1974). We have consistently adopted a conservative stance toward summary judgment as a means of final disposition and have reasoned that "[a] party is not entitled to summary judgment unless the facts established show a right to judgment with such clarity as to leave no room for controversy and show affirmatively that the adverse party cannot prevail under any circumstances." *Aetna Casualty & Sur. Co.*, 148 W.Va. at 171, 133 S.E.2d at 777 (citing 3 Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Section 1234); *accord Wheeling Kitchen Equip. Co. v. R. & R. Sewing Center, Inc.*, 154 W.Va. 715, 719, 179 S.E.2d 587, 590 (1971). Furthermore, in reviewing a lower court's determination regarding summary judgment, we construe the facts in a light most favorable to the party against whom summary judgment was granted. *Alpine Property Owners Ass'n, Inc. v. Mountaintop Dev. Co.*, 179 W.Va. 12, 17, 365 S.E.2d 57, 62 (1987) (quoting *Masinter v. Webco Co.*, 164 W.Va. 241, 242, 262 S.E.2d 433, 435 (1980)).

In the present case, the appellant has produced evidence tending to establish a violation of W.Va.Code § 17C–7–3. West Virginia Code § 17C–7–3(a) provides, in pertinent part, as follows: "The driver of a vehicle overtaking another vehicle proceeding in the same direction shall give an audible signal and pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle."

The appellee contends that he did not technically "pass" the bicycle on the right since the bicycle had already moved into the left lane as the motorcycle approached.[1] The appellee contends that he simply proceeded past the bicycle while it was on the left side of the road and continued forward in his own lane of travel. The appellee argues that such action does not constitute "passing" on the right, is not violative of W.Va.Code § 17C–7–3, and is consequently not sufficient to present a rebuttable *prima facie* presumption of negligence.

---

1. The appellant's right to ride his bicycle on the roadway is established and regulated by W.Va. Code § 17C–11–5 (1951). It provides as follows:
   (a) Every person operating a bicycle upon a roadway shall ride as near to the right side of the roadway as practicable, exercising due care when passing a standing vehicle or one proceeding in the same direction.

(b) Persons riding bicycles upon a roadway shall not ride more than two abreast except on paths or parts of roadways set aside for the exclusive use of bicycles.
(c) Whenever a usable path for bicycles has been provided adjacent to a roadway, bicycle riders shall use such path and shall not use the roadway.

Additionally, W.Va.Code § 55–7–9, in pertinent part, provides that: "[a]ny person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation...." That statute has been interpreted to provide for a rebuttable *prima facie* presumption of negligence upon a showing that a statute was violated. Syl. Pt. 11, *Price v. Halstead,* 177 W.Va. 592, 355 S.E.2d 380 (1987); Syllabus, *Vandergrift v. Johnson,* 157 W.Va. 958, 206 S.E.2d 515 (1974); Syl.Pt. 3, *Flanagan v. Mott,* 145 W.Va. 220, 114 S.E.2d 331 (1960). "Violation of a statute is *prima facie* evidence of negligence. In order to be actionable, such violation must be the proximate cause of the plaintiff's injury." Syl.Pt. 1, *Anderson v. Moulder,* 183 W.Va. 77, 394 S.E.2d 61 (1990). *Prima facie* evidence of negligence was defined in syllabus point 2 of *Spurlin v. Nardo,* 145 W.Va. 408, 114 S.E.2d 913 (1960), as follows:

> " 'A *prima facie* case of actionable negligence is that state of facts which will support a jury finding that the defendant was guilty of negligence which was the proximate cause of plaintiff's injuries, that is, it is a case that has proceeded upon sufficient proof to the stage where it must be submitted to a jury and not decided against the plaintiff as a matter of law.' Pt. 6, syllabus, *Morris v. City of Wheeling,* 140 W.Va. 78, [82 S.E.2d 536 (1954)]."

The appellee contends that there is no genuine issue of material fact and that pursuant to West Virginia Rule of Civil Procedure 56(c), he is entitled to summary judgment. Clearly, however, there exists some uncertainty regarding the exact manner and sequence of the interaction between the bicycle and the motorcycle. There is testimony from Mr. Fitzpatrick and Mr. Shepherd, for instance, indicating that the appellant was riding his bicycle toward the right side of the road until the motorcycle approached. Additionally, there was inconsistency between the statements of the appellee and his passenger initially given to Mr. Amory and their later contentions. When, for example, did the appellant first turn to look behind him at the oncoming motorcycle? How close to the bicycle did the motorcycle approach before the bicycle moved to its left? How soon after the motorcycle passed on the right did the accident occur? These are only limited examples of the types of questions which must be addressed and resolved by a jury.

Resolution of such disputed factual matters as presented in this case is a function of the jury, and resolution by summary judgment was therefore inappropriate. This is especially apparent where the evidence indicates a possible violation of W.Va.Code § 17C–7–3 and the concomitant presentation of a rebuttable *prima facie* case of negligence.

Consistent with the standards of review firmly established by this Court, we conclude that the lower court erred by inappropriately resolving this matter through the mechanism of summary judgment, and we hereby reverse the decision of the Circuit Court of Mingo County and remand for further proceedings consistent with this opinion.

Reversed and remanded.